EMPIRE PAV. & CONST. CO. *v.* ROBINSON *et al.*

(*Supreme Court, General Term, First Department.* October 24, 1890.)

FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—INJUNCTION—RECEIVER.

In an action by a judgment creditor to set aside, as fraudulent, conveyances made by the judgment debtor to her sister, and by the latter to defendant R., a motion

for an injunction to restrain R. from collecting the rents, and for the appointment of a receiver, was made on allegations of fraud in the complaint and affidavits, on a general statement of information only, and on an affidavit alleging admissions by R., and also by S., who held mortgages on the property, and who was alleged to be a party to the fraud. The allegations were positively denied in the answer of R., and in affidavits by R. and S., and the alleged admissions, which were very improbable, were also denied in such affidavits, which further stated facts showing the conveyance to R. to have been taken by him for the protection of the holders of mortgages on the property, which were valid incumbrances, most of them prior to S.'s mortgage; and that R. had managed the property in good faith and as well as it could be done, for the benefit of all concerned. Plaintiff's judgment was subsequent to all the mortgages, and to the deed to R. *Held,* that the motion for an injunction and a receiver should be denied.

Appeal from special term, New York county.

Action by the Empire Paving & Construction Company, a judgment creditor of Susan Sullivan, against said Susan Sullivan, Anne Moriarty, Thomas J. Robinson, and Thomas J. Carey; to set aside conveyances of land by the judgment debtor to the defendant Moriarty, and by the latter to the defendant Robinson. The latter alone answered the complaint. From an order continuing an injunction and appointing a receiver, unless defendant Robinson should make and deliver a bond with sureties in the sum of $1,800, to pay the plaintiff's judgment, and the costs of the action, in the event that plaintiff should succeed in the action, said defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Arnold & Greene,* for appellants. *J. S. Merriam,* for respondent.

DANIELS, J. The judgment, for the collection of which this action has been brought, was recovered by the plaintiff against the defendant Susan Sullivan on the 17th day of February, 1890, for the sum of $898.30. She conveyed the premises described in the complaint to her sister Anne Moriarty, by a deed executed and acknowledged on the 15th of April, 1889, but which was not recorded until on or about the 30th of the next December. There is good reason for believing that the object of this deed was to hinder, delay, or defraud the creditors of the grantor Susan Sullivan, but that conclusion does not entitle the plaintiff to either a receiver or an injunction; for on the 22d of January, 1890, Anne Moriarty conveyed the same premises to the defendant Thomas J. Robinson, who claims to have become a purchaser in good faith, and for a good consideration. To entitle itself to the injunction restraining him from the collection of the rents of the property, and the appointment of a receiver to collect the same, it was necessary for the plaintiff to establish the conveyance to him to be fraudulent against the company. The premises consist of eight lots of land on the westerly side of Seventh avenue, between 123d and 124th streets. They are stated to be subject to incumbrances by mortgage amounting in all to $271,000, the sum of $20,000 being due and secured by two mortgages to Abraham Steers, and $5,000 being a still subsequent mortgage. An object of the conveyance to the defendant Robinson is stated to have been to apply the rents of the premises to the payment of taxes and interest on the mortgages. These mortgages to Steers are referred to in one of the affidavits used to support the application, as unfounded in fact; but no fact or circumstance appears to have been within the knowledge of the affiant warranting or in the least supporting that belief. The other mortgages have neither of them been assailed even as a matter of belief, and there is good ground, therefore, for concluding that these mortgages are all valid incumbrances on the property; and it was in part for the protection of their holders that the conveyance was made by Anne Moriarty to the defendant Robinson. This has been sworn to be the fact by both Steers and Robinson, the truth of whose statements on this subject has not been directly controverted, except by the affidavit of Mr. Winters, the attorney for the receiver, who was appointed in supplementary proceedings carried on against Susan

Sullivan, the judgment debtor, and his statements as they have been made are far from credible. In the affidavits of Steers and Robinson it is set forth that Steers transferred to Robinson notes and book-accounts which he had against Susan Sullivan, amounting to over $11,000, and it was for them that the premises were conveyed by Anne Moriarty to him, and that he has, since he obtained the possession of the premises, collected the rents, and applied them to the payment of the interest on the mortgages, and the taxes against the property. The arrangement was for the benefit of the holders of the incumbrances, and also for the repairing of the property, which, in part at least, appears to have been done by this defendant. He is also shown to have provided for the judgments which had been recovered, and to which the receivership in the supplementary proceedings had been extended. To satisfy those judgments, and the expenses of the receivership, he states that he has already paid the sum of $8,100; and, upon a bond for the payment of preceding judgments, the receivership was terminated. and the property placed in his possession. Throughout his connection with the property, his management appears to have been fair and honest, and for the protection of the incumbrances for which it has been made primarily liable; and no reason has been shown for doubting that such will continue to be his control of the property; and, unless the mortgages can be impeached, and that has not been done as to either of them, this subsequent creditor to them, as well as the deed to this defendant, is not in a condition in which he has any legal or equitable right to divert the rents of the property to the payment of its judgment. There may be a surplus of the rents, as they amount to about $1,800 a month. But even if there should be, as the defendant Robinson is not stated to be insolvent, it will not be jeopardized by remaining in his hands, subject to the future disposition of this action, and subordinately to the mortgages and the deed to himself. Whether there will be any surplus after paying interest and taxes, and the amounts paid for judgments previously protected by the receivership, and the notes and accounts included in the consideration for the deed, is a fact that cannot be affirmed upon the affidavits used upon the motion.

The good faith of the defendant Robinson in taking the title has been brought in question by the allegations made in the complaint and the affidavit of the plaintiff's attorney, and the affidavits made by Mr. Winters, the attorney and counsel for the receiver, in the supplementary proceedings. But the allegations charging the conveyance to Robinson to have been made with the intent to hinder, delay, or defraud creditors have been made in the complaint and in the affidavit of the plaintiff's attorney, on the general statement of information, which it has been repeatedly held is no proof whatever. And if they could be otherwise considered, they have been overcome by the positive denial of these allegations in the answer of this defendant. And that leaves the affidavits of Mr. Winters as the only foundation on which this allegation can be made to rest. He has sworn that this defendant informed him that a contract had been entered into between Steers, Mr. Kurzman, and Susan and John Sullivan, by which Steers was to take possession of the property, and they were to receive the benefit of the rents and profits, and that he (Robinson) was to act as a dummy and agent for Steers and Sullivan, and take the title in his name from Anne Moriarty; that he further informed this affiant that he knew the deed from Moriarty to him would be invalid, and could be easily set aside, and that the purpose of taking and putting it on record was to keep other judgment creditors, and parties interested in the premises, from having the receivership further extended, after they once got him out of possession; that he was acting in the interest of Mr. Sullivan, and wished to get the receiver out of possession as quickly as possible, and thought the deeds from Sullivan to Moriarty, and from her to him, would hold water until Mr. Steers could foreclose a mortgage, and cut off other judgment creditors' and mechanics' liens which were outstanding, and to which the receiv-

ership had not been extended; that, since the 22d of January, 1890, this defendant had informed him that he paid no consideration for the premises, and was merely acting as a dummy and agent in the matter for Susan Sullivan and Abraham Steers, and wished to get possession of the premises as soon as possible, to save as much as he could out of the same for Sullivan; and that, to a partial extent, he had received like information from Steers. These statements have been given quite at large, for the purpose of exhibiting their extreme improbability. It is not credible that a person about to take the title to real estate, or after having done so, would of his own volition make such disclosures to the attorney and counsel of the receiver, whose office he desired speedily to terminate. According to the affidavit, this defendant made a gratuitous confession, without any inducement or cause for it, that his design was entirely and deliberately fraudulent, and that, no person having the intelligence necessary to bargain for and receive a deed would willingly do. But one of two conclusions is supported by his statement, and that is that what was said has been grossly exaggerated, or that no such conversations ever took place. The latter is most probably the truth; for the defendant Robinson positively contradicts Mr. Winters in all that he has in this manner related, and, so far as Steers has been referred to, he likewise has contradicted this affiant. Without placing any stress upon the affidavit of Mr. Dayton, the case discloses sufficient reason for rejecting this affidavit of Winters, as well as a later one, in part reiterating the same thing, as unworthy of belief. Certainly it presents no legal support for either an injunction or a receiver; for, before either can regularly be ordered, a case reasonably well sustained is required to be made by the proofs, and that has not been done in this action. Other papers and affidavits were used upon the hearing of the motion, but they failed to improve the plaintiff's case. The probabilities are in favor of the validity of the deed taken by the defendant Robinson, even if the title, while vested in Moriarty, could be set aside by creditors. His good faith has not been overthrown. But he is managing this property as well as that is capable of being done, for the benefit of all who may be concerned in it. His possession could not regularly be displaced. And the order should be reversed, with $10 costs and the disbursements, and the motion denied, and the bond given by him to protect his possession under the order should be canceled. All concur.